JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-CV-1496

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

EARL GRAHAM

## DEFENDANTS

CITY OF PHILADELPHIA, POLICE OFFICER MICHAEL SCHAUFFLER AND POLICE OFFICER MICHAEL J. CURRAN

(b) County of Residence of First Listed Plaintiff **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
THOMAS BRUNO, II, ESQUIRE
ABRAMSON & DENENBERG, P.C.
1315 WALNUT ST., 12TH FL., PHILA., PA

Attorneys *(If Known)*

UNKNONW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

' 1 U.S. Government
Plaintiff

X 3 Federal Question
*(U.S. Government Not a Party)*

' 2 U.S. Government
Defendant

' 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X | X 1 | Incorporated or Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated and Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ' 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ' 625 Drug Related Seizure | ' 422 Appeal 28 USC 158 | ' 375 False Claims Act |
| ' 120 Marine | ' 310 Airplane | ' 365 Personal Injury - | of Property 21 USC 881 | ' 423 Withdrawal | ' 400 State Reapportionment |
| ' 130 Miller Act | ' 315 Airplane Product | Product Liability | ' 690 Other | 28 USC 157 | ' 410 Antitrust |
| ' 140 Negotiable Instrument | Liability | ' 367 Health Care/ | | | ' 430 Banks and Banking |
| ' 150 Recovery of Overpayment | ' 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ' 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ' 820 Copyrights | ' 460 Deportation |
| ' 151 Medicare Act | ' 330 Federal Employers' | Product Liability | | ' 830 Patent | ' 470 Racketeer Influenced and |
| ' 152 Recovery of Defaulted | Liability | ' 368 Asbestos Personal | | ' 840 Trademark | Corrupt Organizations |
| Student Loans | ' 340 Marine | Injury Product | | | ' 480 Consumer Credit |
| (Excludes Veterans) | ' 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ' 490 Cable/Sat TV |
| ' 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ' 710 Fair Labor Standards | ' 861 HIA (1395ff) | ' 850 Securities/Commodities/ |
| of Veteran's Benefits | ' 350 Motor Vehicle | ' 370 Other Fraud | Act | ' 862 Black Lung (923) | Exchange |
| ' 160 Stockholders' Suits | ' 355 Motor Vehicle | ' 371 Truth in Lending | ' 720 Labor/Management | ' 863 DIWC/DIWW (405(g)) | ' 890 Other Statutory Actions |
| ' 190 Other Contract | Product Liability | ' 380 Other Personal | Relations | ' 864 SSID Title XVI | ' 891 Agricultural Acts |
| ' 195 Contract Product Liability | ' 360 Other Personal | Property Damage | ' 740 Railway Labor Act | ' 865 RSI (405(g)) | ' 893 Environmental Matters |
| ' 196 Franchise | Injury | ' 385 Property Damage | ' 751 Family and Medical | | ' 895 Freedom of Information |
| | ' 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ' 790 Other Labor Litigation | | ' 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ' 791 Employee Retirement | **FEDERAL TAX SUITS** | ' 899 Administrative Procedure |
| ' 210 Land Condemnation | X 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ' 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ' 220 Foreclosure | ' 441 Voting | ' 463 Alien Detainee | | or Defendant) | Agency Decision |
| ' 230 Rent Lease & Ejectment | ' 442 Employment | ' 510 Motions to Vacate | | ' 871 IRS—Third Party | ' 950 Constitutionality of |
| ' 240 Torts to Land | ' 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ' 245 Tort Product Liability | Accommodations | ' 530 General | | | |
| ' 290 All Other Real Property | ' 445 Amer. w/Disabilities - | ' 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ' 462 Naturalization Application | | |
| | ' 446 Amer. w/Disabilities - | ' 540 Mandamus & Other | ' 465 Other Immigration | | |
| | Other | ' 550 Civil Rights | Actions | | |
| | ' 448 Education | ' 555 Prison Condition | | | |
| | | ' 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original
Proceeding

' 2 Removed from
State Court

' 3 Remanded from
Appellate Court

' 4 Reinstated or
Reopened

' 5 Transferred from
Another District
*(specify)*

' 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC§§1331 & 1343

Brief description of cause:
FALSE ARREST, UNREASONABLE SEARCH, BYSTANDER

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
EXCES OF $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ' No

## VIII. RELATED CASE(S) IF ANY

NONE
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
4/1/16

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APR 01 2016

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __132 W. Abbottsford Street, Phila., Pa.  19144__

Address of Defendant: __1515 Arch Street, 14th Floor, Phla., Pa.  19107__

Place of Accident, Incident or Transaction: __Philadelphia, Pa.__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Thomas Bruno, II, Esq.__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __April 1, 2016__   _____   __26180__
                          Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __April 1, 2016__   _____   __26180__
                          Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

APR 01 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EARL GRAHAM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | **16** NO. **1496** |
| CITY OF PHILA., ET AL | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (**x**)

| | | |
|---|---|---|
| **4/1/16** | **THOMAS BRUNO, II** | |
| Date | Attorney-at-law | Attorney for Plaintiff |
| (215) 546-1345 X103 | 215-546-5355 | tbruno@adlawfirm.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02



$3406



**ABRAMSON & DENENBERG, P.C.**
**BY: THOMAS BRUNO II, ESQUIRE**
**IDENTIFICATION NUMBER: 54161**     **ATTORNEY FOR PLAINTIFF**
**1315 WALNUT STREET, 12TH FLOOR**
**PHILADELPHIA, PA 19107**
**(215) 546-1345**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EARL GRAHAM** | : |
| **132 WEST ABBOTTSFORD STREET** | : |
| **PHILADELPHIA, PA 19144** | : **JURY TRIAL DEMANDED** |
| **PLAINTIFF** | : |
| | : |
| **V.** | : |
| | : **CIVIL ACTION** |
| **CITY OF PHILADELPHIA** | : |
| **1515 ARCH ST, 14TH FLOOR** | : |
| **PHILADELPHIA, PA 19107** | : |
| **AND** | : |
| **POLICE OFFICER MICHAEL SCHAUFFLER** | : |
| **BADGE# 9616** | : |
| **1515 ARCH ST, 14TH FLOOR** | : |
| **PHILADELPHIA, PA 19107** | : |
| **AND** | : **NO.** |
| **POLICE OFFICER MICHAEL J. CURRAN** | : |
| **1515 ARCH ST, 14TH FLOOR** | : |
| **PHILADELPHIA, PA 19107** | : |
| **DEFENDANTS** | : |

## COMPLAINT

1.   Plaintiff, Earl Graham, is an adult citizen and resident of the Commonwealth of
Pennsylvania residing as captioned.

2.   Defendant, City of Philadelphia, is a municipal corporation organized and
existing under the laws of the Commonwealth of Pennsylvania, which maintains its
principal offices as captioned.

4.      Defendants, Police Officer Michael Schauffler and Police Officer Michael J. Curran, were at all material times officers with the Philadelphia Police Department, acting within the course and scope of their employment and under the color of state law. Police Officer Michael Schauffler and Police Officer Michael J. Curran are being sued in their individual capacities as officers, agents and/or employees of Defendant, City of Philadelphia, and the Philadelphia Police Department.

5.      At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and/or supervising members of the Philadelphia Police Department and was responsible for making and enforcing the policies under which Philadelphia Police Department Police Officer Michael Schauffler and Police Officer Michael J. Curran were operating.

6.      This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

8.      On April 1, 2014, the Plaintiff, was operating a Can-Am, a three wheeled motor vehicle, at or around the area of the intersection of 5th Street and Lindley Street in Philadelphia, PA.

9.      At the aforementioned place and time, without reasonable suspicion and/or probable cause, the Plaintiff was stopped by Defendants, Police Officer Michael Schauffler and Police Officer Michael J. Curran, who were operating a marked police patrol vehicle.

10.     At the aforementioned place and time, Defendants, Police Officer Michael Schauffler and Police Officer Michael J. Curran, exited their marked patrol car, and without reasonable suspicion and/or probable cause, illegally seized Plaintiff by pointing a taser at him and ordering him to produce his motor vehicle paperwork.

11.     At the aforementioned place and time, before Plaintiff could produce his motor vehicle paperwork, Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, without probable cause, placed Plaintiff under arrest and transported Plaintiff to the 35th District Police Station.

12.     Upon arrival at the Police Station, the Plaintiff was subjected to an unreasonable "strip" search that was performed in front of other citizens, including juveniles by Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran.

13.     Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, intentionally conducted the "strip" search in a manner that was unreasonable and excessive under the circumstances.

14.     Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, having found no evidence of a crime from their illegal investigation, then released Plaintiff and issued him a traffic citation for "reckless driving."

15.     The traffic citation issued to Plaintiff by Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, stated that Plaintiff had "spun tires" of his motor vehicle and drove up on a sidewalk, but the three-wheeled motor vehicle operated by Plaintiff is incapable of having "spun (its) tires."

16.     As a result of being seized and/or arrested without reasonable suspicion and/or probable cause, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, caused the Plaintiff to be seized and/or arrested, constituting a significant loss of liberty.

17.     Defendant, City of Philadelphia, has a policy/practice/custom of failing to adequately train, supervise or discipline its police officers, including the individual defendants, in the constitutional limits on arresting persons without probable cause, which was the cause of the Plaintiff's injuries.

18.     Defendant, City of Philadelphia, has a policy/practice/custom of condoning or acquiescing in the use of permitting its police officers, including the named individual defendants, to conduct unreasonable "strip" searches of persons issued traffic citations, which was the cause of the Plaintiff's injuries.

19.     As a direct and proximate result of the above described false arrest/imprisonment and unreasonable and/or excessive "strip" search, the Plaintiff was caused to suffer severe emotional distress, mental anguish, inconvenience, deprivation of liberty, loss of reputation within the community and loss of enjoyment of life.

20.     As a direct and proximate result of the aforementioned unconstitutional actions of the defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, the Plaintiff has and will hereafter incur other financial expenses and losses.

**COUNT I- 42 U.S.C. §1983**
**FALSE ARREST/IMPRISONMENT**
**EARL GRAHAM VS.  POLICE OFFICER MICHAEL SCHAUFFLER AND**
**POLICE OFFICER MICHAEL J. CURRAN**

21.     Paragraphs 1-20 are incorporated herein by reference, as though each were

fully set forth herein at length.

22.     As aforesaid, defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies, and practices of the Philadelphia Police Department and state law, did deprive the Plaintiff of his right to be free from illegal seizures/arrest without probable cause and false imprisonment in violation of the Plaintiff's rights under the Fourth Amendment, as incorporated and applied to the States through the Fourteenth Amendment of the Constitution of the United States.

23.     As a direct and proximate result of the intentional, malicious and/or reckless actions of the defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, the plaintiff suffered damages, as described above.

24.     The actions of the defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Earl Graham, demands compensatory and punitive damages against defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT II- 42 U.S.C. §1983**
**UNREASONABLE SEARCH**
**EARL GRAHAM VS.  POLICE OFFICER MICHAEL SCHAUFFLER AND**
**POLICE OFFICER MICHAEL J. CURRAN**

25.     Paragraphs 1-24 are incorporated herein by reference, as though each were fully set forth herein at length.

26.     Plaintiff believes and therefore avers that Defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies, and practices of the Philadelphia Police Department and state law, did deprive the Plaintiff of his right to be free from illegal, unreasonable and/or excessive searches, in particular "strip" searches, in violation of the Plaintiff's rights under the Fourth Amendment, as incorporated and applied to the States through the Fourteenth Amendment of the Constitution of the United States.

27.     The aforesaid actions of defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Earl Graham, demands compensatory and punitive damages against defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT III- 42 U.S.C. §1983**
**BYSTANDER**
**EARL GRAHAM VS.  POLICE OFFICER MICHAEL SCHAUFFLER AND**
**POLICE OFFICER MICHAEL J. CURRAN**

28.     Paragraphs 1-27 are incorporated herein by reference, as though each were fully set forth herein at length.

29.     Plaintiff believes and therefore avers that defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, encouraged and stood idly by while the plaintiff was subjected to an illegal seizure and/or arrest without reasonable suspicion, probable cause or justification and an illegal, unreasonable and/or excessive "strip" search, which deprived the Plaintiff of his constitutional under the Fourth Amendment.

30.     Plaintiff believes and therefore avers that defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, encouraged and failed to prevent the seizure and/or arrest without reasonable suspicion, probable cause or justification and the illegal, unreasonable and/or excessive "strip" search of the plaintiff, which deprived the plaintiff of his rights under the Fourth Amendment.

31.     As aforesaid, defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty to prevent the seizure and/or arrest without reasonable suspicion, probable cause or justification and the illegal, unreasonable and/or excessive "strip" search of the plaintiff.

32.     As aforesaid, by encouraging and failing to supervise and/or intervene, defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, effectively assisted each other in the seizure and/or arrest without reasonable suspicion, probable cause or justification and the illegal, unreasonable and/or excessive "strip" search of the plaintiff and therefore deprived the plaintiff of his rights under Fourth Amendment.

33.     The aforesaid actions of defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, in their individual capacities were so malicious,

intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Earl Graham, demands compensatory and punitive damages against defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT IV- 42 U.S.C. §1983**
**CONSPIRACY**
**EARL GRAHAM VS.  POLICE OFFICER MICHAEL SCHAUFFLER AND**
**POLICE OFFICER MICHAEL J. CURRAN**

34.    Paragraphs 1-33 are incorporated herein by reference, as though each were fully set forth herein at length.

35.    As aforesaid, the defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, entered into a conspiracy to unlawfully seize, arrest, falsely imprison and unreasonably strip search the Plaintiff and deny his rights under the Fourth Amendment.

36.    Defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, took concerted acts in furtherance of that conspiracy, including search and seizure of plaintiff without reasonable suspicion and/or probable cause and subjecting Plaintiff to an excessive and unreasonable strip search in an unconstitutional and unjustified effort to find evidence of a crime and thereafter manufacturing a traffic violation to cover up for their unconstitutional acts against Plaintiff.

37.    Defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, took concerted acts in furtherance of that conspiracy by attempting to

"manufacture" probable cause by conducting an unconstitutional search and/or seizure without reasonable suspicion and/or probable cause.

38.     Defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, performed concerted, overt acts in furtherance of their conspiracy to violate the Plaintiff's Fourth Amendment rights, and were acting in accordance with an agreement or meeting of the minds between and among them.

39.     As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, the plaintiff suffered injuries, which are described above.

40.     The aforesaid actions of defendants, Police Officer Michael J. Curran and Police Officer Michael J. Curran, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Joseph Pepe, demands compensatory and punitive damages against defendants, Police Officer Michael Schauffler and/or Police Officer Michael J. Curran, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

### COUNT V- 42 U.S.C. § 1983
### MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
### EARL GRAHAM VS. CITY OF PHILADELPHIA

41.     Paragraphs 1-40 are incorporated herein by reference, as though each were fully set forth herein at length.

42.     Plaintiff believes and therefore avers that the City of Philadelphia Police Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or encouraging the intentional and/or recklessly subjecting individuals to the same type of treatment to which plaintiff was subjected, unreasonable and/or excessive "strip" searches on individuals arrested for minor traffic offenses, which custom and/or practice violates the Fourth Amendment of the Constitution of the United States.

43.     Plaintiff believes and therefore avers, that at the time he was subjected, unreasonable and/or excessive "strip" searches, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described custom and/or practice of the City of Philadelphia Police Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the City of Philadelphia Police Department.

44.     By failing to take action to stop or limit the aforesaid custom and/or practice, and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the custom and/or practice, in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

45.     Plaintiff believes and therefore avers that the Philadelphia Police Department and defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or

encouraging the intentional and/or reckless false arrest and false imprisonment of

suspects, and subjecting individuals to the same type of treatment to which plaintiff was

subjected, including unconstitutional arrests without reasonable suspicion and/or

probable cause, and subjected to an unreasonable strip search for a minor traffic offense,

which custom and/or practice violates the Fourth Amendment of the Constitution of the

United States.

46.     Plaintiff believes and therefore avers, that at the time he was falsely

arrested and falsely imprisoned, the defendant, City of Philadelphia, knew or should have

known of the aforesaid-described custom and/or practice of the City of Philadelphia

Police Department and it deliberately, knowingly and/or recklessly failed to take

measures to stop or limit the custom and/or practice, including, inter alia, providing

proper training, supervision, discipline and control of the officers, agents and/or

employees of the City of Philadelphia Police Department.

47.     By failing to take action to stop or limit the aforesaid custom and/or

practice, and by remaining deliberately indifferent to the systematic abuses which

occurred in accordance with and as a direct and proximate result of the custom and/or

practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and

perpetrated the custom and/or practice, in violation of the plaintiff's rights under the

Fourth Amendment of the Constitution of the United States.

48.     As a direct and proximate result of the malicious, intentional and/or

reckless actions of the defendant, City of Philadelphia, the Plaintiff suffered injuries that

are described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiff, Earl Graham, demands compensatory damages against defendants, City of Philadelphia and City of Philadelphia, in an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

**ABRAMSON & DENENBERG, P.C.**

**BY:** _____
**THOMAS BRUNO II, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**